Ellen J. Franklin v. Commissioner.
Franklin v. Commissioner
Docket No. 11473.
United States Tax Court
1947 Tax Ct. Memo LEXIS 69; 6 T.C.M. (CCH) 1099; T.C.M. (RIA) 47273; October 8, 1947
Francis H. Bohlen, Jr., Esq., 2301 Packard Bldg., Philadelphia, Pa., for the petitioner. William D. Harris, Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined a deficiency of $13.01 in income tax for 1941. The only issue for decision is whether $3,900 received by the petitioner in 1941 is taxable as ordinary income or as capital gain. The facts have been stipulated. The petitioner filed her separate individual income tax return for 1941 with the collector of internal revenue for the district of South Carolina. She reported $3,900 as income received from "License to use trade name." The Commissioner made no change in that item in determining the deficiency. The petitioner began to sell handknitted sweaters for women in 1915. *70 Her business grew and she became widely and favorably known as a designer, manufacturer and distributor at wholesale and retail of knitted dresses and other wearing apparel for women. She formed a Pennsylvania corporation in 1921 to which she transferred the assets of her business in exchange for all of its stock. The name of the corporation became "Mrs. Franklin, Incorporated" in 1923. The corporation in 1938 was operating a manufacturing and wholesale business, and retail shops in New York, Philadelphia, Haverford, Pennsylvania, and at summer resorts. The business had not been profitable for several years and was in financial difficulties. Some interested persons organized a new corporation to take over the part of the business represented by the Philadelphia and Haverford retail shops. The new corporation issued its stock for the assets transferred to it and also for cash. No mention of good will was made in the agreement whereby the assets were transferred. The petitioner insisted that the new corporation should pay her for the use of her name. It agreed to give her 200 shares of its stock and to pay her $75 per week for the use of the name "Mrs. Franklin" in the name the *71 new corporation, "Mrs. Franklin Shops of Philadelphia, Inc." The $3,900 here in question represents weekly payments of $75 during 1941. The petitioner did not do any work for the new corporation during 1941. It deducted the payments to the petitioner under section 23 (a) but the Commissioner disallowed the deduction and this Court sustained his action upon the ground that the payments were made in the acquisition of good will. Mrs. Franklin Shops of Philadelphia, Inc., Memorandum Opinion entered April 27, 1944, (Docket No. 112575) [3 TCM 401]. The petitioner, as a result, claims that the payments when received by her represent gain from the sale of a capital asset. Her logic seems irresistible. The good will attaching the use of her name was sold by her to the new corporation. The payments in question were specifically for that good will and should be taxed as a long term capital gain. Decision will be entered under Rule 50.